# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10113
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 9, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KEVIN RAY PRENTICE,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-149-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Kevin Ray Prentice pleaded guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) and—pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)—was sentenced to 188 months of imprisonment and four years of supervised release. On appeal, he argues that the district court (1) plainly erred by treating his conviction for possession of a controlled substance with intent to deliver, in violation of Texas Health and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10113

Safety Code § 481.112, as a serious drug offense under the ACCA and (2) erred by treating his two Texas burglary convictions, in violation of Texas Penal Code § 30.02, as violent felonies under the ACCA.

As Prentice correctly acknowledges, his first argument is foreclosed by *United States v. Vickers*, 540 F.3d 356 (5th Cir. 2008), but he raises it to preserve the issue for further review. With respect to Prentice's second issue, we recently concluded in *United States v. Herrold*, 883 F.3d 517 (5th Cir. 2018) (en banc), that § 30.02(a) is "indivisible for the purposes of categorical analysis" and that § 30.02(a)(3) is "broader than the federal generic definition of burglary encoded in the [ACCA]." *Id.* at 520-41 (quotation at 520). Consequently, a Texas burglary conviction under § 30.02 is not a generic "burglary" under the ACCA. *See id.* at 537. As two of Prentice's predicate offenses were also under § 30.02, we VACATE and REMAND to the district court for resentencing in light of *Herrold*.